# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Teresa Gallop, | Case No. 24-cv-3156 (PAM/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Bureau of Prisons, et al., | |
| Respondents. | |
| | |
| Teresa Gallop, | Case No. 24-cv-3161 (PAM/DTS) |
| Petitioner, | |
| v. | |
| Segal, Warden, et al., | |
| Respondents. | |
| Teresa Gallop, | Case No. 24-cv-3162 (PAM/DTS) |
| Petitioner, | |
| v. | |
| Bureau of Prison, et al., | |
| Respondents. | |

The Court received in one day three petitions for a writ of habeas corpus from petitioner Teresa Gallop, a prisoner at the Federal Correctional Institution in Waseca, Minnesota. In each of the three petitions, Gallop claims that the Federal Bureau of Prisons has failed to perform its duties under the First Step Act of 2018 (FSA). To understand Gallop's claims, a little must be explained about the FSA:

Until recently, federal prisoners were eligible to spend (at most) the final twelve months of their term of imprisonment in "prerelease custody"—that is, a residential reentry center or home confinement. *See* 18 U.S.C. § 3624(c)(1). Only the final six months of that sentence could be spent in home confinement. *See* 18 U.S.C. § 3624(c)(2). Apart from these durational limitations, federal law vests the BOP with full discretion in when or whether to place a prisoner in prerelease custody. *See* 18 U.S.C. § 3621(b).

The FSA altered the durational limitations on prerelease custody just described. Federal prisoners who participate in "evidence-based recidivism reduction programs" while in the custody of the BOP may earn up to fifteen days per month in time credits (FTCs). 18 U.S.C. § 3632(d). Up to one year's worth of FTCs may be applied towards shortening the prisoner's overall term of imprisonment. *See* 18 U.S.C. § 3624(g)(3). Any remaining FTCs may then be applied towards accelerating the date upon which the prisoner becomes eligible for placement in prerelease custody, notwithstanding the limitations of § 3624(c). *See* 18 U.S.C. § 3632(d)(4).

Gallop does not contend that the BOP has failed to apply FTCs that would shorten her overall custodial term. Indeed, the exhibits submitted by Gallop alongside her habeas petitions demonstrate that the BOP has applied 365 days of FTCs—the maximum permitted under the FSA—towards her overall sentence. *See Gallop v. Bureau of Prisons*, No. 24-CV-3156, Pet. Ex. at 3 [Docket No. 1-1]. Instead, each of Gallop's habeas claims relates to the "prerelease custody" aspect of the FSA. In one of her habeas petitions (Case No. 24-CV-3161), Gallop contends that the BOP has miscalculated the number of FTCs she has earned and that, had her FTCs been calculated correctly, she would have been eligible for sooner transfer to prerelease custody. In her other two

2

habeas petitions, Gallop contends that she is *already* eligible for transfer to prerelease custody and that the BOP is failing in its obligation to effect that transfer.[1]

All three habeas petitions are now before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2] This Court has conducted the review required by Rule 4 and concludes that Gallop's claims are not cognizable on habeas review. Accordingly, the Court lacks jurisdiction over the petitions; all three petitions should be dismissed on that basis.

As has been explained repeatedly in recent months by courts of this District and elsewhere within the jurisdictional footprint of the Eighth Circuit, "[w]hen a prisoner is not challenging either the fact or the duration of his confinement, habeas is not the proper remedy, and the court lacks jurisdiction over [her] claims." *Johnson v. Birkholz*, No. 21-CV-2017, 2022 WL 3135304, at *1 (D. Minn. Aug. 5, 2022); *accord, e.g.*, *Sharma v. Eischen*, No. 24-CV-2619, 2024 WL 4190884, at *3 (D. Minn. Aug. 28, 2024); *Fongers v. Garrett*, No. 2:24-CV-0046, 2024 WL 3625237, at *2 (E.D. Ark. Aug. 1, 2024); *Young v. Eischen*, No. 23-CV-3227, 2024 WL 418702, at *3 (D. Minn. Jan. 3, 2024); *Wessels v. Houden*, No. 23-CV-1266, 2023 WL 7169154, at *1 (D. Minn. June 22, 2023). Indeed, *this* Court has already explained this *to Gallop herself* in another habeas action brought by Gallop raising a largely similar claim. *See Gallop v. Segal*, No. 24-CV-1357, 2024 WL 2946249, at *2 (D. Minn. May 14, 2024). A claim that a federal prisoner should sooner

---

[1] This claim would seem to render Gallop's other habeas petition moot—if Gallop is already eligible to be transferred to prerelease custody, then her being granted additional FTCs would not be meaningful relief in any way. But because all three of Gallop's habeas petitions face a different jurisdictional problem, this Court will not further pursue whether this claim is also subject to dismissal for mootness.

[2] None of the three habeas petitions is brought under 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to the petitions. *See* Rule 1(b).

be transferred to prerelease custody or home confinement amounts only to an attack on the conditions of the prisoner's confinement and therefore is not cognizable on habeas review. See *Johnson*, 2022 WL 3135304, at *1 (citing *Spencer v. Haynes*, 774 F.3d 467, 469-71 (8th Cir. 2014)); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). A prisoner may invoke habeas corpus to allege that she should spend less time overall in custody, but not to allege that she should serve more of his sentence on home confinement or in a residential reentry center.

All that Petitioner seeks in her habeas petitions is a change in custodial arrangement. That is not a proper subject of a habeas petition, and the Court lacks jurisdiction over the claims when presented as habeas claims. The petitions should be dismissed accordingly.

Finally, this Court recognizes that the form in which an unrepresented litigant presents a claim should not necessarily dictate the outcome of a case and that, in appropriate circumstances, a claim may be reinterpreted into the correct procedural vehicle; a case should not be dismissed merely because the litigant has written the wrong title on the pleading. See *Spencer*, 774 F.3d at 471. This Court is reluctant to suggest such a reinterpretation of Gallop's habeas petitions, however, if for no other reason than that there are three of them, and such a reinterpretation would result in Gallop immediately becoming responsible for $1,050 in filing fees. See 28 U.S.C. § 1915(b). Moreover, were the cases to be dismissed for failure to state a claim on which relief may be granted, Gallop would become greatly restricted from proceeding *in forma pauperis* in any civil action filed in federal court for as long as she remains a prisoner. If a non-habeas claim is available to Gallop, then Gallop remains free to pursue such a claim, whether in

this District or in another appropriate venue. These habeas actions, however, should be dismissed without prejudice.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. The petitions for a writ of habeas corpus of petitioner Teresa Gallop be DENIED WITHOUT PREJUDICE for lack of jurisdiction.

2. These cases be DISMISSED.

Dated: October 9, 2024
                                                            s/David T. Schultz
                                            DAVID T. SCHULTZ
                                            U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).